CHIASSON, Judge.
The defendants-appellants, Louisiana & Arkansas Railway Company and The Kansas City Southern Railway Company, have suspensively appealed a judgment of the district court in favor of plaintiff, Delta Southern Company, Inc., in the amount of $17,062.00 with interest and costs. Plaintiffs-appellees[1] have answered the appeal seeking an additional sum of money for repairs allegedly needed on certain spur tracks.
Delta Southern filed this suit against the Louisiana & Arkansas Railway Company and its successor corporation, The Kansas City Southern Railway Company. It seeks to recover sums of money which the plaintiff allegedly spent in having certain maintenance work performed by Sigma Service Corporation on certain spur tracks due allegedly to defendants’ failure to maintain the railroad spur tracks located on plaintiff’s property pursuant to an Industry Track Agreement. In addition, it seeks an additional amount to spend in making future repairs to the tracks.
The pertinent provisions of the Agreement are as follows:
“4. Tracks shall be maintained and renewed to the satisfaction of Railway *1301 Company’s Chief Engineer, the work to be performed by Railway Company, and the cost thereof borne as follows: * * *
“(a) Industry will pay to Railway Company in the manner provided in paragraph (e) of this Article 4, the amount of $465.80 per year for the maintenance of 4658 ft. of said side track, (not including trestles or other special structures) being that portion of tracks as described above, which amount is fixed at ten (10) cents per track foot per annum.... ”
According to this contract the sole standard for determining the need for repair work was the Chief Engineer of the Railway Company. The appellant contends that agreements of this kind are valid and binding upon the parties citing Shea v. Sewerage & Water Board, 124 La. 299, 50 So. 166 (1909); Fritz Jahncke, Inc. v. Fidelity & Deposit Co., 166 La. 593, 117 So. 729 (1928); and J. H. Jenkins Contractor, Inc. v. City of Denham Springs, 216 So.2d 549 (La. App. 1st Cir. 1968). We agree with this basic rule, but we find the exception to this rule applicable in this case. As stated in the Jenkins decision, supra, pg. 553:
“ * * * The pertinent rule, rather, as declared in the Jahncke case, supra, is to the effect that a contract clause providing the architect or engineer shall be the final arbiter of disputes is binding upon the parties unless the architect or engineer’s decision is manifestly arbitrary or rendered in bad faith. In the Jahncke case we find the following clear and positive pronouncement:
‘An architect is a person skilled in the art of building, is the recognized head of the building trade, and is supposed to be skilled in the art of planning and designing structures of every description. 2 Am. & Eng.Ency. of Law, p. 815.
Where, therefore, the parties have agreed to abide by the decision of an architect, the courts will hesitate, in the interpretation of the contract, to set aside the architect’s ruling, unless manifestly arbitrary, or is shown to have been rendered in bad faith.’ ”
See also Sabine Const. Co., Inc. v. Cameron Sewerage Dist. No. 1, 298 So.2d 319 (La. App. 3rd Cir. 1974).
In the case before us, the parties agreed that the Railway Company’s Chief Engineer would be the person designated to determine if the tracks needed repair. The testimony of the Chief Engineer was that he has never inspected plaintiff’s spur track. The closest he came to the spur track was 200 feet while working on the appellant’s own line. We must conclude that since this dispute as to the need of repairs has been going on for some four years and the person designated to decide whether repairs were needed has failed to make an inspection and decision, that this inaction is arbitrary on the part of the Railway Company.
The Chief Engineer stated at trial that he was not the person in charge of maintenance in the Railway’s chain of command. Regardless of this statement, the contract provided for the Chief Engineer to be the person whose determination was required for a determination of whether maintenance was necessary and to what extent. The arbitrary inaction on the part of the Railway thus entitled the trial court to look into the condition of the spur tracks.
As a matter of fact, the trial court found: “Based on the testimony of the expert witnesses and the testimony concerning the number of derailments, the Court is convinced that the track was in a state of disrepair. The Court is also convinced that the defendant (the Railway Company) did not fulfill its obligation of maintaining and renewing the track. The plaintiff has proved by a preponderance of the evidence that the repairs made to the track in 1977 were necessary in order to ensure the safe shipment of its vessels. The Court does not believe that the track would have to reach such a condition that it was no longer usable before defendant would be responsible for repairs.”
*1302 These facts were derived from four expert witnesses, three of whom testified as plaintiff’s witnesses. One of the three was a former roadmaster for the defendants who later supervised the repair work for the Sigma Corporation. He stated that no repairs performed were “unnecessary.” In addition, the defendants’ present roadmas-ter testified that the track was in need of repair but was not in a deplorable condition. We do not find that the trial court committed manifest error in its findings of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The award to plaintiff of the cost of repairs performed by the third party contractor in the amount of $17,602.00 is affirmed.
The trial court denied recovery to the plaintiff for cost of repairs to be performed in the future and appellee has answered the appeal seeking this award. We agree with this decision since the contract is still in force and the determination of the necessity of repairs must be made by the Railway’s Chief Engineer.
For the reasons assigned, the decision of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. Delso Corporation, as assignee of Delta Southern’s predecessor, Delta Tank Manufacturing Company, Inc., was added as a party plaintiff. Reference to Delso was not made in the trial court’s judgment.